GREAT CENTRAL INS. CO.

v.

BIRDWELL et al.

STATE FARM MUT. AUTO. INS. CO.

v.

BIRDWELL et al.

FARMERS INS. EXCHANGE by and through FARMERS UNDERWRITERS ASS'N et al.

v.

BIRDWELL et al.

OKLAHOMA FARM BUREAU MUT. INS. CO.

v.

STATE INS. BOARD.

Nos. 36462–36465.

Supreme Court of Oklahoma.

June 29, 1954.

Russell H. Matthias, Gen. Counsel, Chicago, Ill., J. I. Gibson of Savage, Gibson, Benefield & Shelton, Oklahoma City, of counsel, Robert E. Early, Gen. Counsel, Los Angeles, Cal., Jas. D. Foliart & Jake Hunt, Oklahoma City, of counsel, Frank Carter, Gen. Counsel, Enid, Clayton Pierce, of Pierce, Mock & Duncan, Oklahoma City, Sp. Counsel, for petitioners.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., for respondents.

WELCH, Justice.

In each of these four cases the petitioner seeks to prohibit the State Insurance Board from enforcing certain orders.

By reason of the nature of these actions the sole question is whether the Board is acting without jurisdiction, or is acting beyond its jurisdiction in making the orders in question.

Essential facts are that the petitioners are insurance companies doing business in Oklahoma of such nature as to be affected by the purported orders of the State Insurance Board here involved.

On February 17, 1954, without any notice to these four petitioners, or to any one, the Board issued the following order:

"Pursuant to the authority vested in this Board by the laws of the State of Oklahoma, the State Insurance Board hereby issued the following order:

"All Membership and/or Policy Fees now used in Fire, Casualty and Multiple Line Coverages by Stock Companies, Mutual Companies and Reciprocal Companies, both foreign and domestic, doing business in the State of Oklahoma, are hereby abolished in the State of Oklahoma, and the effec-

tive date of this Order shall be March 31, 1954, at 12:01 P.M.

"/s/ Fred Albert

Fred Albert, Secretary-Member

"(Seal)

"This Order was approved in regular meeting of the State Insurance Board, held February 17, 1954."

Thereafter it appears that these four petitioners complained of said order and made or filed protests against it. Thereafter the Board gave ten days notice and set a meeting for March 30, 1954. That meeting was held and the Board's minutes of that meeting state:

"This meeting was set specially more than 10 days prior to this date for the purpose of holding a public hearing with reference to an Order issued by the Board on February 17, 1954."

(Referring to the order of that date above quoted.)

These four petitioners attended at that meeting or hearing and filed motions to vacate the order of February 17th. The sole result of the meeting of March 30th, as stated in the Board's minutes thereof, was an order of the Board postponing the effective date of the order of February 17th until May 1st, and that meeting adjourned.

Thereafter, on April 29th, the Board held a meeting designated a "Special Session." The Board's minutes thereof reflect that at that time "The Board discussed fully and thoroughly the membership and/or policy fee order issued by the Board on February 17, 1954, abolishing all membership and/or policy fees as of March 31, 1954."

The minutes of that meeting then make reference to the public hearing held on March 30, and to the appearance there of the four petitioners here involved; and make reference to the filing on March 30th of the motions, or one joint motion, to dismiss the proceedings or vacate the order of February 17th. And the minutes of the Executive Sessions of April 29th indicate that on March 30th "The Board reserved its ruling on the motion." The minutes of

April 29th further state that on March 30th the Board took the motion under advisement, and the concluding paragraph of the minutes of April 29th reads as follows:

"At the Special Executive Session above referred to, the Board was of the unanimous opinion that the Order heretofore issued and effective date postponed as hereinabove stated, should become effective, and it was so ordered by the board."

Thereafter, on the same day, the Board issued the following order:

"Now on this the 29th day of April, 1954, the matter of abolishing all Membership and/or Policy Fees, came on for consideration pursuant to a public hearing held on the 30th day of March, 1954.

"The matter was discussed by the Board, and the Board finds from all the information obtained at the public hearing that all Membership and/or Policy Fees should be abolished.

"/s/ Fred Albert

Fred Albert, Secretary-Member

"(Seal)

"This Order was approved in Special Meeting of the State Insurance Board, this the 29th day of April, 1954."

Then followed this original action in which petitioners seek prohibition, contending that in issuing these orders the Board acted without jurisdiction, or acted beyond its jurisdiction.

Petitioners contend in effect that the order of February 17th was void for lack of notice and hearing as required by statute, 36 O.S.1951 §§ 145 and 883, and that the subsequent orders in effect postponing the effective dates of the February 17th order, and the final Board action as reflected by its minutes putting into final effect the order of February 17th was likewise invalid.

From a first reading of the Board's minutes of the meeting of April 29th, and the language of the above quoted order of April 29th, there appears a conflict and there might be a question whether the Board at that time intended merely to place in effect the order of February 17th or intended to make a new order based upon the meeting or hearing on March 30th.

However, in the response filed herein by the Board there appears this construction of the action taken by the Board as stated in the following allegation:

"and that on April 29th, 1954, the State Insurance Board issued its order in effect reaffirming its order of February 17th, 1954, and putting said order into full force and effect as of May 1, 1954." (then referring to the minutes of April 29th and the order of that date as heretofore copied or referred to.)

Therefore it appears that the view of petitioners is correct that the Board issued its order of February 17th, and thereafter extended its effective date, and thereafter finally made that order of February 17th effective as of May 1, 1954.

Insofar as the merits of the matter are concerned the Board contends that the "membership and/or policy fees" charged by these petitioners are in effect a part of the premiums or rates charged and are subject to regulation by the Board under the statute. The petitioners contend to the contrary. We do not determine that question here, as the inquiry in this case is restricted to the question of the authority or jurisdiction of the Board, in any event, to make these orders in the manner in which they were made.

■ The statutes give the Board authority to regulate rates and practices, however, it is provided and required in 36 O.S. 1951 §§ 145 and 883, that the Board shall give notice and an opportunity to be heard before adopting, making and promulgating its order. It therefore follows that the order of February 17th was void for lack of jurisdiction or authority in the Board to make it because there had been no notice or hearing. The hearings that were had thereafter upon or concerning or "with reference to" the order of February 17th could not give it validity and subsequent orders fixing an effective date of the void order of February 17th could not give validity to that order.

When such an order is required by statute to be based upon notice and hearing, the hearing must precede the decision to make the order and must precede the making of the order. In such case, the requirement of due process is not served by the issuance or rendition of an order or a judgment and thereafter conducting a hearing as to whether and when the judgment or order is to be made effective as to date.

In such a situation of controversy as this, the Board should first give the required statutory notice and then conduct the required hearing and thereafter make its finding, or reach its conclusion, and then, and not until then, should it issue its order. Any other procedure is not sanctioned by law, and these proceedings as above detailed, cannot be upheld.

There is argument that the quoted order of April 29th might be considered as a new or separate order, based on a full hearing on March 30th, from which the insurance companies could and should appeal on the merits. But under the circumstances we think it too difficult to follow that suggestion. In an effort to do so we would be faced with the fact that the hearing on March 30th was, by the minutes thereof "for the purpose of holding a public hearing with reference to an Order issued by the Board on February 17th" not for the purpose of holding a hearing to form a basis for a new or separate finding and order.

Furthermore, it appears that the notice issued March 15th for the March 30th hearing contained the following language:

> "You are hereby notified that upon March 30, 1954, at the hour of 10:00 o'clock A.M. in Room 504 State Capitol Building, there will be a public hearing on the State Insurance Board's Order of February 17, 1954, in which membership fees and/or policy fees were abolished in the State of Oklahoma."

That notice would not have advised petitioners here of any broader scope of the March 30th hearing, or that they should prepare for any hearing except as stated in the notice. We think in fairness and justice this contention or suggestion in behalf of the Board must be denied.

Upon the whole consideration the contentions of the four petitioners are sustained, and the State Insurance Board is prohibited from enforcing its order of February 17, 1954, and its order of April 29, 1954.

HALLEY, C. J., and CORN, O'NEAL and WILLIAMS, JJ., concur.

JOHNSON, V. C. J., and DAVISON and BLACKBIRD, JJ., dissent.